Judge Lane
delivered the opinion of the court:
This case fairly raises the question, whether the payment of consideration, in an agreement for the sale of lands, removes it from the operation of the statute of frauds. The statute was prob *497 ably intended by its makers to take away the right of action upon every executory parol agreement. But it was immediately found, that by this strict construction, a law intended to prevent fraud became the instrument to effect it. Whenever a denial of relief in equity would produce the evils which the statute was enacted to suppress, it became necessary to sustain the validity of the agreement, although not in writing. Whenever an agreement has been partly performed, and the terms of it are confessed, or ■are satisfactorily found, i-t will be enforced *notwithstand- [490 ing the statute. Acts of part execution to be attended by this ■consequence must be of the substance of the agreement, or such that the party executing “ would suffer an injury amounting to fraud” by the refusal. Possession taken and improvements made are acts of this kind. Whether the payment of the part or the whole of the purchase money produces this effect, has been the subject of contradictory adjudication. The cases are cited in the elementary books. 1 Mad. 381. The earlier decisions admit the ■dectrine; but is doubted or denied by all the later opinions, and the law is summed up in 1 Dane, 248, “ on the whole it appears, though not clearly, that merely paying purchase money does nob take the case out of the statute.” A good foundation subsists for this distinction. After such acts of performance as possession or improvements, to rescind the contract would not restore the parties to their original situation ; but full compensation for the payment of the purchase money is made by the restoration .of principal and interest.
Plea sustained. Bill dismissed without prejudice to his rights at law.